**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Salanardi,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Conrad Graber, Warden,<br><br>　　　　Respondent. | No. CIV-10-704-TUC-DCB (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On November 30, 2010, the petitioner, an inmate confined in the Federal Correctional Institution in Safford, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) The petitioner claims the Bureau of Prisons (BOP) improperly raised his restitution payments and imposed sanctions when he refused to pay the increased amount.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for Report and Recommendation.

The petition should be denied. The BOP's actions did not encroach on the authority of the trial court to set a restitution schedule.

Background

Salanardi was convicted in the U.S. District Court for the Eastern District of New York of RICO conspiracy and Conspiracy to Distribute Cocaine. (Respondent's answer, p. 2.) On

March 16, 2006, the trial court sentenced Salanardi to a 135-month term of imprisonment followed by 5 years of supervised release. *Id.* In addition, the trial court imposed restitution in the amount of $35,000. *Id.* The sentencing order reads in pertinent part as follows:

> restitution schedule: $35,000.00 due immediately and to be paid at a rate of *at least* $25 per quarter while in custody and at a rate of *at least* 25% of net disposable income per month while on supervised release.

(Respondent's answer, Exhibit Four) (emphasis added).

When Salanardi initially entered custody in 2006, his BOP Unit Team authorized restitution payments at the minimum rate of $25 per quarter. (Respondent's answer, p. 8.) His Unit Team continued to monitor his inmate account every six months. *Id.*

At some point, Salanardi received funds from a third party. (Petitioner's reply, p. 3.) His Unit Team found he had $1,860.23 in his account and determined he could increase his restitution payments to $150 per month. (Respondent's answer, p. 8.) When Salanardi refused to pay the increased amount, the BOP imposed sanctions including restrictions on his commissary use and halfway house eligibility. (Petition, p. 4.)

On November 30, 2010, Salanardi filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. *Id.* He claims the BOP's new payment schedule usurps the authority of the sentencing court. *Id.* The respondent filed an answer on February 22, 2011. (Doc. 7)  He argues the petition should be dismissed for failure to exhaust and, in the alternative, on the merits. *Id.* Salanardi filed a reply on March 23, 2011. (Doc. 9)  He maintains he fully exhausted his claim at all administrative stages. *Id.* The court finds the petition should be denied on the merits. The court does not reach the respondent's alternate argument on exhaustion..

Discussion

The Mandatory Victim Restitution Act (MVRA) requires the trial court to impose restitution when the defendant is convicted of certain specified offenses or when "an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A. The court must "specify in the restitution order the manner in which, and the schedule according to

which, the restitution is to be paid. . . ." 18 U.S.C. § 3664(f)(2). The trial court may not delegate its statutory duty to set a restitution schedule. *U.S. v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005).

Under its Inmate Financial Responsibility Program (IFRP), the BOP "encourages each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. To this end, the BOP monitors each prisoner's resources and financial obligations and "assist[s] the inmate in developing a financial plan for meeting those obligations. . . .]" 28 C.F.R. § 545.10. If an inmate refuses to participate in the IFRP, the BOP will impose sanctions including restrictions on commissary use and eligibility for community-based programs. 28 C.F.R. § 545.11(d).

In this case, the trial court properly set restitution and a schedule for repayment. The court stated that Salanardi owed restitution in the amount of $35,000.00, which was "due immediately and to be paid at a rate of *at least* $25 per quarter while in custody. . . ." (Respondent's answer, Exhibit Four) (emphasis added). The BOP, in accordance with its IFRP, determined that Salanardi should increase his restitution payments from $25 per quarter to $150 per month. When Salanardi refused, the BOP imposed sanctions in accordance with 28 C.F.R. § 545.11(d). Salanardi argues the BOP is improperly usurping the statutory authority of the trial court to set his restitution schedule. (Doc. 9) (citing, among other things, *U.S. v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005)). The court does not agree.

In *Lemoine*, the Ninth Circuit addressed this issue holding that "the IFRP does not constitute an unlawful delegation of authority to schedule restitution repayments in violation of the MVRA." *U.S. v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008). The MVRA requires that the sentencing court set a restitution schedule. *Id*. It does not, however, prevent the inmate from voluntarily paying more than is required. *Id*. That is what the IFRP is supposed to do: encourage the inmate to pay as much as he can to address his financial obligations. *Id*. at 1046-47. The fact that Salanardi is subject to sanctions if he does not participate in the IFRP does not change the voluntary nature of the program. *Id*. at 1046-49. The BOP may impose sanctions for non-participation provided those sanctions are "not so severe as to impose 'an atypical and

- 3 -

1 significant hardship' and therefore do not infringe on any constitutionally-protected liberty
2 interest."  *Id*. at 1046.  The IFRP sanctions imposed on Salanardi pursuant to 28 C.F.R. §
3 545.11(d) are permissible. *See Id*. at 1050.  Accordingly, the BOP's actions in this matter are
4 not improper.

## RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition.  (Doc. 1)  The BOP's sanctions for Salanardi's refusal to participate in the IFRP and raise his restitution payments do not violate the MVRA.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 18th day of April, 2011.

_____
Glenda E. Edmonds
United States Magistrate Judge

- 4 -