WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

|  |  |
|---|---|
| Vincent Salanardi,           )<br>                 )<br>         Petitioner,   )<br>v.                           )<br>                 )<br>Conrad Graber, Warden        )<br>                 )<br>         Respondant.  )<br>_____) | CIV-10-704-TUC-DCB<br><br>**ORDER** |

This matter was assigned to Magistrate Judge Glenda E. Edmonds on December 1, 2010. LRCiv. 72.1(a). On April 18, 2011, the Magistrate Judge issued a Report and Recommendation (R&R). She recommends granting Respondent's Answer and Motion to Dismiss (R's MD) the Petition alleging that the Bureau of Prisons (BOP) improperly raised his restitution payments and imposed sanctions when he refused to pay the increased amount. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and dismisses the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Petition).

**STANDARD OF REVIEW**

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is

made." 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-150 (1985).  When no objections are filed, the district court need not review the R&R *de novo*.

This district court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections.  28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*).  To the extent that no objection has been made, arguments to the contrary have been waived.  Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections.  Fed. R. Civ. P. 72.  The Court has considered the Objection filed by the Petitioner, the R&R, and the parties' documents considered by the Magistrate Judge with respect to the Objections.

**OBJECTIONS**

On April 29, 2011, Petitioner filed an Objection to the R&R raising specific objections as follows: that the Magistrate Judge failed to consider certain case law with respect to denying the Petition and failed to consider the totality of all the issues Petitioner previously set forth in his Petition and Declaration in Opposition to the Motion to Dismiss.

This Court finds that the record in this case fully supports the Magistrate Judge's conclusion to deny the Petition.  The objections mirror arguments Petitioner made in his Petition and Declaration, except he identifies two cases that he did not previously

mention: *West v. Thomas*, 388 Fed.Appx. 742 (9th Cir. 2010), and *United States v. Munoz*, 610 F.3d 989, 997 (7th Cir. 2010).

According to Petitioner, *West* held that "the language of the Judgment and Commitment is still paramount, controlling any efforts by the BOP to collect funds under the [Inmate Financial Responsibility Program (IFRP)], and requiring a case by case analysis." (P's Objections at 1.)  However, *West* only stated that a sentencing court may not improperly delegate "its scheduling duties to the BOP by not setting a repayment schedule." *West*, 388 Fed.Appx at 743.  There is no commensurate failure by the trial court to set a schedule for repayment in the instant case. The Court ordered the following: "$35,000 due immediately and to be paid at a rate of at least $25 per quarter while in custody and at a rate of at least 25% of net disposable income per month while on supervised release." (R's MD at 5 (citing Judgment and Commitment (J&C) at 6.))

Petitioner also argues that where the sentencing court orders participation in the IFRP, this technically renders participation in the program "involuntary," and is an error on the part of the court.  (P's Objections at 3 (citing *Munoz*, 610 F.3d at 997)).  However, the sentencing court ordered: "*All criminal monetary penalties, except* those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, *are made to the clerk of the court*." (R's MD at 5 (citing J&C at 6.) (emphasis added)). As the R&R states, "The fact that Salanardi is subject to sanctions if he does not participate in the IFRP does not change the voluntary nature of the program." R&R at 3. If payments are made through the IFRP, they satisfy Petitioner's financial obligations, but all payments not voluntarily made through the IFRP are to be made to the clerk of the court, per the express language of the J&C.  The sentencing court's order did not mandate participation in the IFRP.

## CONCLUSION

After *de novo* review of the issues raised in the Petitioner's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in

her R&R for determining the Petition for Writ of Habeas Corpus.  The Court adopts it, and for the reasons stated in the R&R, the Court denies the Petition.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (doc. 10) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss (doc. 7)  is GRANTED.

**IT IS FURTHER ORDERED** that the Petition (doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 8th day of June, 2011.

David C. Bury
United States District Judge